[Crim. No. 9076. Second Dist., Div. One. Mar. 8, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. WELTON VAN HOOK, Defendant and Appellant.

Albert D. Silverman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Charles B. McKesson, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of selling marijuana in violation of Health and Safety Code, section 11531.

In an indictment filed in Los Angeles on August 8, 1962, defendant was charged with selling marijuana on July 25, 1962. Defendant pleaded not guilty. In a trial without a jury defendant was found guilty as charged and was sentenced to the state prison.

A résumé of some of the facts and the proceedings is as follows:

Defendant's case was submitted to the trial court on the transcript of the testimony presented to the grand jury which indicted him. Deputy Sheriff Robert Hill testified that an informant, later identified as LeRoy Williams. on July 25, 1962, at Officer Hill's behest, telephoned defendant and advised him that he had a friend who wanted to purchase some marijuana. Williams then made an appointment for them (Hill and Williams) to meet in a market parking lot at Gage and Vermont. When they arrived at the parking lot, defendant approached the car and told Williams that "the stuff was hid by a bush in an alley." Officer Hill could not see it, so defendant showed him the bush and pointed to a package saying, "Here it is." Williams then walked over, picked up a small package wrapped in tinfoil, and handed it to Officer Hill. When the officer asked defendant how much he wanted, defendant stated it would be $3.50. Officer Hill gave defendant $4 and defendant obtained change in the market and returned 50 cents to the officer. When the package was opened it was found to contain a green leafy substance which, upon examination, proved to be marijuana. Officer Hill presented this testimony to the grand jury. It was stipulated at the time of trial that it might be deemed that Officer Hill had been called, sworn and testified that defendant was the Welton Van Hook from whom he had purchased the marijuana.

The sole issue is whether there was substantial evidence to support the judgment of conviction. We approach, and determine the matter as an appellate court. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) There is no question as to appellant's identity because of the stipulation by counsel. Officer Hill's testimony not only identified de-

fendant but indicated that he was the one who pointed out the package of marijuana in the bush, told the officer the quantity of marijuana which it contained and set the price for its sale, received the money and returned the change to the officer. This evidence was sufficient to determine that defendant was guilty of the offense charged.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1968. Mosk, J., did not participate therein.